

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BLAKE WINGATE,

                  Plaintiff,[1]

-against-

VINCENT T. QUATTROCHI; Supreme Court
Clerk Kings JOHN DOE; Supreme Court Clerk
Queens JOHN DOE; Supreme Court Clerk
Richmond JOHN DOE; Supreme Court Clerk
New York; Criminal Clerk of Kings County Court;
ADA CARROLL KELLY, Richmond; Judge RENZI
(phonetic), Richmond; Judge BONNIE WITTNER,
New York; ADA JENNIFER DOLLE, New York;
ADA BRAZINSKI, Kings; Judge E. FOLEY, Kings;
ALICIA FOY, ADA Kings; ADA DIANNA
MEGIAS, Queens; ADA GLUSBAND,
JONATHAN, Kings; RHONDA A. GEROMINO,
Kings Paralegal ADA; Judge MATTHEW A.
SCIARRINO, JR.; Judge K. HOLDER, Queens;
Judge E. HART, Queens; Judge M. SCIARRINO,
Kings; Judge R. KALISH, Kings; Judge C.
WALKER, Kings Criminal; ADA CHRISTOPHER
LIN, New York; Judge T. FARBER, New York;
Judge MEGAN TALLMER, Bronx; Judge JAMES
KINDLER; ELAINE K. YACYSHYN; Writ
Court Judge, Bronx; Judge ROTKA, Queens; ROY
S. NIR, Queens; RICC Clerk; Dietician JOY
YOUNG; Justice STOLZ; ADA DEVINE HOLLIS;
ADA SCOTT LEE; City of New York, Personally
and Capacity of Office,

                  Defendants.
----------------------------------------------------------X

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM
AND ORDER
14-CV-2666 (ARR)

ROSS, United States District Judge:

---

[1] The complaint also includes the following other plaintiffs in the caption: R. Nieves, K. Fair, K. Grant-Byas, R. Duran, M. Bethune, and Bryant Green. However, these purported plaintiffs did not include either the filing fee or a proper request to proceed in forma pauperis. The court will not address the claims of these purported plaintiffs.

On April 17, 2014, plaintiff Blake Wingate, currently incarcerated at the Ronald N. Davoren Complex on Rikers Island, filed this pro se action against 35 defendants, including judicial officers, court employees, and prosecutors, pursuant to 42 U.S.C. § 1983 and other federal statutes. Plaintiff seeks damages and injunctive relief. The court grants plaintiff Wingate's request to proceed in forma pauperis. The complaint is dismissed as set forth below.

## Background

While it is very difficult to discern the claims raised in plaintiff's complaint, he appears to allege that the New York state courts have refused to issue decisions on petitions for a writ of habeas corpus that he has filed in state court. Compl. at 8. Plaintiff raises a host of challenges to his state court proceedings and appears to assert, among other issues, that a judge refused to allow him to represent himself at an arraignment, id. at 14; that district attorneys, defense attorneys, and judges improperly allowed him to be prosecuted, id. at 16; that clerks issued defective orders, id. at 18; and that the state court improperly transferred his habeas corpus petition to the same jurisdiction that had originally violated his rights, id. at 21. Plaintiff further alleges that he has been denied a special diet for his allergies, id. at 20, that he was exposed to methane gas while detained on Rikers Island, id. at 21, and that he was forced to work without being paid minimum wage, id. at 29. Plaintiff has several cases pending before the New York State courts. See https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (Case Nos. 2013KN082448, 00186-2014, 2014QN003827) (last visited May 14, 2014).

## Standard of Review

In reviewing the complaint, the court is mindful that plaintiff is proceeding pro se and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

Nonetheless, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the in forma pauperis statute, the court must dismiss the action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3

## Discussion

A.  <u>Judicial Immunity</u>

Plaintiff names as defendants at least fourteen state court judges: Judges Quattrochi, Renzi, Wittner, Foley, Sciarrino, Holder, Hart, Kalish, Walker, Faber, Tallmer, Kindler, Rotka, and Stolz (the "Judicial Defendants"). Compl. at 14, 17. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. <u>Bliven v. Hunt</u>, 579 F.3d 204, 209 (2d Cir. 2009); <u>see also</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (<u>per curiam</u>) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice." <u>Mireles</u>, 502 U.S. at 11. Nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." <u>Id.</u> at 11 (quoting <u>Stump</u>, 435 U.S. at 356).

To the extent that the court can identify the claims raised in plaintiff's complaint, he appears to raise challenges to his arraignment and prosecution in New York state court and to the New York state court's handling of his habeas corpus petitions. Since all of these alleged acts of wrongdoing by the Judicial Defendants are judicial acts performed in their judicial capacities, plaintiff's claims against these defendants are foreclosed by absolute immunity and are dismissed. 28 U.S.C. § 1915A; 1915(e)(2)(B).

Plaintiff also includes unidentified clerks employed by the Office of Court Administration ("OCA") and the Supreme Court of the State of New York, including Kings, Queens, Richmond, and New York counties. Absolute judicial immunity is not limited to judges. Court clerks also

4

enjoy judicial immunity where their acts are of a judicial nature. Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). For their performance of ministerial functions, they are entitled to qualified immunity. Id. Here, plaintiff does not allege any facts against any of the clerks that would suggest he raises any claims other than in their official, quasi-judicial capacities. To the extent that plaintiff's complaint appears to raise claims regarding the clerks' processing of his habeas corpus petitions and issuance of defective orders, this conduct is judicial in nature and is immune from suit. See Peker v. Steglich, 324 F. App'x 38, 39-40 (2d Cir. 2009) (finding that a judicial law clerk's "perform[ance of] a task that was basic and integral to the judicial function, namely the processing of an appeal," constitutes judicial, rather than ministerial, conduct).

Moreover, the Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. Alabama v. Pugh, 438 U.S. 781, 782 (1978). This absolute immunity which states enjoy under the Eleventh Amendment extends to both state agencies and state officials sued in their official capacities. Richards v. State of N.Y. Appellate Div., Second Dep't, 597 F.Supp. 689, 691 (E.D.N.Y. 1984). To the extent that a state official is sued for damages in his or her official capacity, that official is entitled to invoke the Eleventh Amendment immunity belonging to the state. Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

Because plaintiff's claims against these clerks are also brought against them in their official capacity, they are construed as claims against the State of New York and must be dismissed. Tarka v. Armstrong, No. 01 Civ. 5605(LAK)(FM), 2002 WL 31778895, at *3 (S.D.N.Y. Dec. 12, 2002), aff'd, 106 F. App'x 747 (2d Cir. 2004).

B.  Prosecutorial Immunity

Plaintiff names ten Assistant District Attorneys ("ADA"), Kelly, Dolle, Brazinski, Foy, Megias, Glusband, Lin, Yacyshyn, Hollis and Lee, as well as ADA paralegal Rhonda A. Geromino (the "Prosecutor Defendants"). Plaintiff only alleges facts as to ADA Megias. Compl. at 14. Similar to judges, prosecutors are entitled to absolute immunity when they engage in conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). A prosecutor has absolute immunity from a claim for damages for "initiating a prosecution and . . . presenting the State's case." Id. at 431; see, e.g., Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994); Barr v. Adams, 810 F.2d 358, 362 (2d Cir. 1987). Plaintiff's claims regarding his arraignment, prosecution, and habeas corpus petitions all relate to the Prosecutor Defendants' roles in initiating and presenting cases against him. Therefore, plaintiff's claims against the Prosecutor Defendants are foreclosed by absolute immunity and are dismissed. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

C.  City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Plair v. City of N.Y., 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011)

("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard.").

Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. Therefore, plaintiff has not made the required showing to confer Monell liability on the City of New York, and the claims against the City of New York are dismissed. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

D. Abstention

Even if the court did not dismiss this action based on judicial and prosecutorial immunity, and to the extent that plaintiff seeks injunctive relief, plaintiff's request that this court intervene in his pending state court criminal proceedings is denied. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a district court cannot enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, inter alia, the federalism principles central to the United States Constitution. The Second Circuit has held that "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," unless plaintiff can show extraordinary circumstances to warrant intervention in the ongoing proceeding. Hansel v. Town Court for Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir.1995).

All three Younger requirements are met in this case. First, the complaint reflects that criminal proceedings are ongoing. Second, the resolution of the criminal proceedings implicates an important state interest. Despite plaintiff's allegations to the contrary, he has not shown that

7

the state courts are an inadequate forum for raising his constitutional claims. Simply because the state courts have not issued decisions in plaintiff's favor does not render them "inadequate" for purposes of Younger abstention. See id. at 394.

E.  Conditions of Confinement

Finally, plaintiff alleges that he was deprived of a special diet, that he was paid below minimum wage, and that he was exposed to methane gas while detained on Rikers Island. Although plaintiff's complaint largely concerns the state court's purported failure to respond to his petitions for a writ of habeas corpus, the court will also address his Rikers Island "conditions of confinement" claims.

Plaintiff's claim that Rikers Island is located "on [a] contaminated landfill" which emits methane gas that has caused him some unidentified harm is conclusory. See, e.g., Gladden v. City of N.Y., No. 12 Civ. 7822(PKC), 2013 WL 4647193, at *2 (S.D.N.Y. Aug. 29, 2013) (dismissing pro se prisoner's complaint alleging exposure to methane gas while detained at Rikers Island). Plaintiff's claim that Rikers Island inmates are paid below the minimum wage for prison labor, without more, does not state a claim. Prisoners are generally not considered employees within the meaning of the Fair Labor Standards Act. See Danneskjold v. Hausrath, 82 F.3d 37, 44 (2d Cir. 1996); Kavazanjian v. Naples, No. 06-CV-3390 (JG), 2006 WL 2795220, at *2 (E.D.N.Y. Sept. 26, 2006).

Finally, plaintiff's claim that he was deprived of his "medical diet" by the dietician Joy Young is insufficient to proceed at this time. Claims regarding inadequate conditions of confinement for pre-trial detainees are measured by "whether the conditions amount to

8

'punishment' without due process in violation of the Fourteenth Amendment." Lareau v. Manson, 651 F.2d 96, 102 (2d Cir. 1981) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). If the conditions do not amount to "punishment," allegations that defendants have denied a detainee access to basic human needs such as food are evaluated under a standard of "deliberate indifference," which requires a plaintiff to establish both that his conditions fell below the "minimal civilized measure of life's necessities," and that defendants knew of and disregarded an excessive risk to the detainee's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); see also Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (noting that claims for deliberate indifference to the health or safety of a detainee are analyzed the same under the Eighth and Fourteenth Amendments); Benjamin v. Fraser, 343 F.3d 35, 50 (2d Cir. 2003); Solomon v. Nassau Cnty., 759 F. Supp. 2d 251, 257-58 (E.D.N.Y. 2011). Here, plaintiff does not allege facts sufficient to state a plausible claim that defendant Young violated his constitutional rights. Furthermore, plaintiff refers to "exhibits," see Compl. at 20, that were not included in his submission to this court.

## Conclusion

Accordingly, the complaint, filed in forma pauperis, is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). However, plaintiff's claim concerning the denial of a medical diet while confined at Rikers Island is dismissed without prejudice.

The claims brought on behalf of Roberto Nieves, Karmik Grant-Byas, Keith Darnell Fair, Raumell Duran, Moses Bethune, and Bryant Green are also dismissed without prejudice.[2] These

---

[2] Neither Raumell Duran, Moses Bethune, nor Bryant Green requested in forma pauperis status, and only Wingate and Grant-Byas included a Prisoner Authorization form.

9

plaintiffs may file their own individual complaints along with requests to proceed in forma pauperis and the Prisoner Authorization form with the appropriate court. Judicial efficiency would not be served by allowing the complaint to proceed as filed by these additional six plaintiffs.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: May 15, 2014
Brooklyn, New York